# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DEANGELO LAMAR THOMAS,

Defendant-Appellant.

UNPUBLISHED
August 23, 2018

No. 336601
Oakland Circuit Court
LC No. 2016-258143-FH

Before: CAMERON, P.J., and RONAYNE KRAUSE and TUKEL, JJ.

PER CURIAM.

A jury convicted defendant of possession with intent to deliver 50 or more but less than 450 grams of heroin, MCL 333.7401(2)(a)(*iii*), and conspiracy to possess with intent to deliver 50 or more but less than 450 grams of heroin, MCL 750.157a and MCL 333.7401(2)(a)(*iii*). The trial court sentenced defendant to 7 to 20 years in prison for each conviction, to be served concurrently. Defendant appeals as of right and we affirm.

Defendant's convictions arise from his arrest, which took place while the police were in the course of executing a search warrant at the Newman Apartments in Pontiac on February 3, 2016, which led to the discovery of quantities of heroin. Over the previous four months, the police had observed activity at the apartment complex consistent with drug trafficking.

## I. TEXT MESSAGES

On appeal, defendant complains that he was denied a fair trial by the introduction of several text messages that were found on a cell phone recovered from his pants pocket at the time of his arrest. An expert in drug trafficking testified that the text messages contained communications consistent with the sale of illegal drugs. Defendant argues that the text messages should not have been admitted because they were not properly authenticated and also because they were irrelevant, constituted inadmissible hearsay, and were unduly prejudicial. We note that defense counsel expressly stated that there was no objection to the admission of the text messages. Therefore, any error in the admission of this evidence may be deemed waived. *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011). Even if we consider defendant's arguments, however, defendant has not demonstrated that appellate relief is warranted. Because there was no objection to the evidence, review is limited to plain error affecting defendant's substantial rights. *People v Vandenberg*, 307 Mich App 57, 61; 859 NW2d 229 (2014).

-1-

## A. AUTHENTICATION

"The rule governing the admission of physical evidence requires that a proper foundation be laid and that the articles be identified as that which they purport to be and that the articles are shown to be connected with the crime or with the accused." *People v Furman*, 158 Mich App 302, 331; 404 NW2d 246 (1987). MRE 901(a) provides that, for a document to be admissible, it must be authenticated by the introduction of "evidence sufficient to support a finding that the matter in question is what its proponent claims." Regarding a written message, courts may consider the content of the message, its distinctive characteristics, and the circumstances surrounding the writing to determine whether the message is sufficiently genuine. *People v Ford*, 262 Mich App 443, 461-462; 687 NW2d 119 (2004). Identification need not be "absolute or certain." *People v O'Brien*, 113 Mich App 183, 204; 317 NW2d 570 (1982). "Once a proper foundation has been established, any deficiencies in the chain of custody go to the weight afforded to the evidence, rather than its admissibility." *People v White*, 208 Mich App 126, 133; 527 NW2d 34 (1994).

Evidence was presented that defendant's nickname is "D." In both a red iPhone, which defendant identified as his own, and the flip phone that contained the challenged text messages, various messages addressed the recipient as "D." Thus, the evidence that the text messages were sent to "D," which corresponds with defendant's nickname, tended to show that the messages were indeed intended for defendant, see MRE 901(b)(4), which was the prosecution's purpose in admitting the messages into evidence. Further, the flip phone containing the messages was recovered from defendant's right pocket at the time of his arrest. The fact that the phone was recovered from defendant's person is evidence that he owned the phone and therefore was the intended recipient of the messages on the phone. See MRE 901(b)(4); MRE 901(b)(8)(B) (permitting authentication when, if authentic, the item was found where it was likely to be). Because the content of the text messages and the location of the phone with defendant when it was recovered were sufficient to authenticate the text messages as communications to and from defendant, there was no error with respect to authentication. Although defendant denied that the phone belonged to him and notes the absence of alternative identifying evidence, such as subscriber information from the phone company or photographs of the flip phone with the other evidence collected from him, the foundation need not have identified defendant as the recipient of the text messages with absolute certainty. *O'Brien*, 113 Mich App at 204. Defendant's arguments relate to the weight the jury should have afforded the evidence, not its admissibility. *White*, 208 Mich App at 133.

## B. RELEVANCE

Pursuant to MRE 401, evidence is relevant when it has a tendency to make a material fact more or less probable. *People v Sabin (After Remand)*, 463 Mich 43, 56-57; 614 NW2d 888 (2000). "Materiality, however, does not mean that the evidence must be directed at an element of a crime or an applicable defense. A material fact is one that is 'in issue' in the sense that it is within the range of litigated matters in controversy." *Id.* at 57 (citation and quotation marks omitted). The prosecutor's theory of the case was that defendant, his friend Howard Collins, and others conspired to sell heroin around February 3, 2016. The fact that defendant possessed a flip phone (separate from his personal iPhone), which contained messages soliciting the purchase or

exchange of drugs, including heroin, for money or other forms of payment, made it more probable than not that defendant was part of a plan to sell heroin.

Defendant argues that the text messages, even if relevant, should have been excluded because they were unfairly prejudicial under MRE 403. MRE 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "All relevant evidence is prejudicial; it is only *unfairly* prejudicial evidence that should be excluded." *People v McGhee*, 268 Mich App 600, 613-614; 709 NW2 595 (2005) (emphasis added).

> The "unfair prejudice" language of MRE 403 " 'refers to the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock.' " Moreover, admission of "[e]vidence is unfairly prejudicial when . . . [the danger exists] that marginally probative evidence will be given undue or preemptive weight by the jury." [*People v Cameron*, 291 Mich App 599, 611; 806 NW2d 371 (2011) (citations omitted).]

Defendant argues that because he maintained that the flip phone was not his and he was not the recipient of the text messages, admission of the messages into evidence was unfairly prejudicial. But again, the jury could infer from the use of defendant's nickname and defendant's possession of the phone at the time of his arrest that he *was* the recipient of the text messages. Defendant claims that the text messages portrayed him as a "heartless, ruthless drug dealer" who was preying on individuals' addictions at the expense of others. For example, defendant cites senders offering to use their Bridge cards to buy drugs rather than, in defendant's words on appeal, "food for their children." Contrary to defendant's assertions, the record does not establish that the text messages injected considerations extraneous to the merits of the case, such as shock or bias. *People v Pickens*, 446 Mich 298, 337; 521 NW2d 797 (1994). Given a detective's testimony that the text messages revealed practices that were common in the drug trade, there is no reason why the jury would have given defendant's use of these practices undue or preemptive weight. In sum, the text messages were relevant to defendant's intent to engage in the sale of heroin, and they were not unduly prejudicial under MRE 403.

## C. HEARSAY

We also disagree with defendant's argument that the text messages constituted inadmissible hearsay.

Hearsay is a statement (oral or written), other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted. MRE 801. To qualify as hearsay, the "statement" must be an "assertion," and generally questions and commands are not assertions because they are incapable of being true or false. *People v Jones*, 228 Mich App 191, 204; 579 NW2d 82 (1998), mod 458 Mich 862 (1998); see also *United States v Thomas*, 451 F3d 543, 548 (CA 8, 2006). In any event, a statement is not hearsay if it is offered for a purpose other than to prove the truth of its contents. *People v Mesik (On Reconsideration)*, 285 Mich App 535, 540; 775 NW2d 857 (2009).

Defendant does not challenge the text messages that were sent to others from the flip phone. These text messages were offered as defendant's own statements and were admissible as admissions by a party-opponent under MRE 801(d)(2).

Defendant's argument focuses on the text messages that were sent to and received by the flip phone, which, for the reasons previously discussed, the prosecution contended were intended for defendant. Many of the messages constitute questions (e.g., "Yo, would you take a Meijer's card, bro, like forty?"; "Can you run me out a gram?"; "Can I get a thirty."). Other messages were commands ("Make it a twenty of boy and a ten of the girl . . . ."; "Call me when you get this."; "Hit me back."). Because these questions and commands are incapable of being true or false, they are not assertions, and therefore not hearsay. *Jones*, 228 Mich App at 204.

The remaining messages are assertions (e.g., "[T]rying to find some loot, but it ain't lookin' good."; "I got to have it or I won't be goin' into work."; "And I plan on getting a lot Friday night when I get paid."). But they were not offered to prove the truth of the matters asserted in the messages, and therefore were not hearsay. See *Mesik*, 285 Mich App at 540. For example, the prosecutor was not trying to prove that the sender who wrote, "I got to have it or I won't be goin' into work," actually would not be going to work if he or she could not have what was sought. Rather, the prosecutor wanted to prove the effect of these text messages on defendant, to provide context for defendant's responses. As a result, there was no plain error in admitting the text messages into evidence.

## II. FEBRUARY 2, 2016 TRANSACTION

Next, defendant argues that the trial court erred when it admitted hearsay testimony from Detective Dan Main about his surveillance of defendant and an unnamed informant on February 2, 2016. We disagree. As the prosecutor correctly notes, Detective Main did not testify about any out-of-court statements related to the February 2 transaction. Rather, Detective Main only testified regarding his observations that day. Accordingly, with no out-of-court statement at the heart of this issue, Detective Main's testimony could not constitute hearsay, MRE 801, and defendant has not established any error, plain or otherwise.

## III. EFFECTIVE ASSISTANCE OF COUNSEL

As an alternative to his claims of evidentiary error, defendant argues that defense counsel was ineffective for failing to object "to any of the hearsay testimony introduced as evidence against him, even though it was irrelevant, unfairly prejudicial, unauthenticated, and met no exception to the hearsay rule." We disagree. To establish ineffective assistance of counsel, a defendant must show: (1) that counsel's performance was below an objective standard of reasonableness under prevailing professional norms, and (2) that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. *Strickland v Washington*, 466 US 668, 688, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012).

Defendant has failed to show that counsel's performance fell below an objective standard of reasonableness. Failing to advance a meritless argument or raise a futile objection does not render counsel's performance deficient. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d

120 (2010).  Here, any objection based on hearsay grounds to the text messages and Detective Main's testimony regarding the hand-to-hand transaction would have been futile because, as already discussed, none of this evidence constituted hearsay under the rules of evidence:  the texts were not admitted to prove the truth of the matter asserted therein, and there was no out-of-court statement that was part of Detective Main's testimony.

Affirmed.

/s/ Thomas C. Cameron
/s/ Amy Ronayne Krause
/s/ Jonathan Tukel